1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   BAL SEAL ENGINEERING, INC., a          Case No. SACV13-01880 JLS (RNBx)
     California corporation,
12
                          Plaintiff,         **STIPULATED PROTECTIVE
13                                           ORDER**

14          vs.

15   NELSON PRODUCTS, INC., a
     Colorado corporation; and DOES 1-10,
16   inclusive,

                          Defendants.
17

18

19

20          The Court recognizes that at least some of the documents and information

21   ("materials") being sought through discovery in the above-captioned action are,

22   likely to involve production of confidential, proprietary, or private information for

23   which special protection from public disclosure and from use for any purpose other

24   than prosecuting this litigation may be warranted.   Such information, for

25   competitive reasons, is normally kept confidential by the parties. As such, the

26   parties have agreed to be bound by the terms of this Protective Order ("Order") in

27   this action.

28

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## **DEFINITIONS**

1.     The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, and transcripts of depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2.     The term "materials" will include, but is not to be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other materials that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models,  prototypes and other physical objects; and magnetic tapes, CDs, DVDs, hard drives, and any and all electronic storage devices by which information is retained in retrievable form.

3.     The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: CADDEN & FULLER LLP and FISH & ASSOCIATES, P.C. and

their successors.

## GENERAL RULES

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, deposition testimony, and transcripts of depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY."

a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party or cause harm to its competitive position.

b. Designation as "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' ONLY": Any party may designate information as "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information whose disclosure would raise a material risk of: (i) present or future competitive injury to the designating party; or (ii) present or future competitive or commercial advantage, including litigation advantage, to the receiving party or non-parties.

c. Mass, indiscriminate, or routinized designations are prohibited.

5. In the event the producing party elects to make materials available for inspection prior to actual production and/or copying, the producing party may make the materials available for inspection as they are kept in the ordinary course of business, and no marking need be made by the producing party in advance of the inspection. For purposes of the inspection, all materials will be considered as

"HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

6.     Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

a.     the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings.  A party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY."

b.     the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

c.     the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7.      All Confidential Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8.      Information designated "HIGHLY CONFIDENT1AL - FOR ATTORNEYS' EYES ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms (except for those persons identified in 8.d., who do not need to agree in writing):

a.      Independent experts under the conditions set forth herein.  The term "independent expert" as used herein shall mean an outside person (who is not an employee of a party) and includes testifying experts, proposed testifying experts, and non-testifying technical advisors with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation of trial thereof.  The right of any independent expert to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the following information: the proposed independent expert's name, up-to-date curriculum vitae, professional address, all present employment and non-confidential consultancies, all prior employment and non-confidential consultancies within the last five (5) years, a list of all cases in which the proposed independent expert has testified at a deposition or in court within the last five (5) years, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential

Information of the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld;

        i.    If any objection to the proposed independent expert is made within fourteen (14) days following receipt of the identification of the proposed expert,  and the dispute is not resolved consensually between the parties, the producing party may move the Court for a protective order precluding the disclosure of the Confidential Information to the proposed independent expert;

        ii.    Prior to the filing of any motion for a protective order precluding the disclosure of the Confidential Information to the proposed independent expert, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible.  It shall be the responsibility of counsel for the moving party to arrange for this conference.  If both counsel are located within the same county of the Central District, the conference shall take place in person at the office of the moving party's counsel, unless the parties agree to meet someplace else.  If both counsel are not located within the same county of the Central District, the conference may take place telephonically.  Unless relieved by written order of the Court upon good cause shown, counsel for the opposing party shall confer with counsel for the moving party within ten (10) days after the moving party serves a letter requesting such conference.  The moving party's letter shall identify each issue in dispute, shall state briefly with respect to each such issue the moving party's position (and provide legal authority which the moving party believes is dispositive of the dispute as to that issue), and specify the terms of the discovery order to be sought (see Local Rule 37-1).

iii.    If counsel are unable to settle their differences, they shall formulate a written stipulation.  The stipulation shall be filed and served with the notice of motion (see Local Rule 37-2).

iv.    The stipulation must be set forth in one document signed by both counsel.  The stipulation shall contain all issues in dispute and, with respect to each such issue, the contentions and points and authorities of each party.  The stipulation shall not refer the Court to any other documents.

v.    Following the conference of counsel, counsel for the moving party shall personally deliver, e-mail or fax to counsel for the opposing party the moving party's portion of the stipulation, together with all declarations and exhibits to be offered in support of the moving party's position.  Unless the parties agree otherwise, within seven (7) days of receipt of the moving party's material, counsel for the opposing party shall personally deliver, e-mail or fax to counsel for the moving party the opposing party's portion of the stipulation, together with all declarations and exhibits to be offered in support of the opposing party's position.  After the opposing party's material is added to the stipulation by the moving party's counsel, the stipulation shall be provided to opposing counsel, who shall sign it (electronically or otherwise) and return it to counsel for the moving party no later than the end of the next business day, so that it can be filed with the notice of motion.

vi.    After the Joint Stipulation is filed, each party may file a supplemental memorandum of law not later than fourteen (14) days prior to the hearing date.

vii.    Where an objection to the proposed independent expert is made, no Confidential Information shall be disclosed to the expert until the day after the last day to file a motion for a protective order (where no protective order is sought), or upon entry of the Court's order denying the producing party's motion for protective order;

b.      Technical personnel of the parties, including data processing vendors, photocopy, document imaging and database services, and consultants retained by Counsel or a party to set up, maintain, and/or operate computer systems, litigation databases or to convert data for inclusions in such databases and with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action;

c.      Stenographic and clerical employees associated with the individuals identified above; and

d.      The Court, its technical adviser (if one is appointed), persons employed by the Court, jurors, mediators, and court reporters or videographers in this action or any appeal therefrom.

9.      Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by individuals identified in paragraph 8 and pursuant to the terms of paragraph 8, and by executives and others employed or retained by the receiving party who participate in policy decisions with reference to this action, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms.

10.     With respect to material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, any other person who otherwise possessed or knew the information, prior to its disclosure hereunder, may be shown the same.

11.     All information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for

their participation in this litigation.

12. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must make an advance or simultaneous request or application to the Court to seek permission to file the material under seal.

a. A written application, proposed order, and the documents submitted for filing under seal shall be presented to the judge to whom the papers are directed. The parties should also file a redacted version of the application and supporting papers. The proposed order shall address the sealing of the application and order itself, if appropriate. The original and judge's copy of the documents shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. (Conformed copies need not be placed in sealed envelopes.) Applications and proposed orders to seal, along with the material to be sealed, shall not be electronically filed, but shall be presented to the Clerk of the Court for filing in paper format, in the manner prescribed by USDC, Central District Local Rule 79-5. A Notice of Manual Filing shall first be electronically filed identifying the materials being manually filed. A copy of the Notice of Manual Filing, together with its Notice of Electronic Filing shall be presented with the documents presented for filing. Upon an order of the Court permitting the materials to be filed under seal, the material shall be filed and kept under seal by the Clerk of the Court until further order by the Court.

b. Complete unredacted documents or material to be filed under seal shall be furnished to outside counsel for the parties.

c. Neither the fact that counsel have stipulated to an under seal filing nor the fact that a proposed filing contains information or documents that one of the parties elected to designate as "Confidential" in accordance with the terms of

the Order is sufficient in itself for the Court to find that good cause exists to file the papers or the portion containing the designated information or documents under seal. At the very least, the parties will need to convince the Court in their application that protection clearly is warranted for the designated information or documents and that the standard for a nonpublic filing is met. For declarations with exhibits, this means making the requisite showing on an exhibit-by-exhibit basis. Moreover, if the sealing application relates to a dispositive motion, a "good cause" showing under Federal Rule of Civil Procedure 26(c) will not suffice. Rather, the parties will need to show that "compelling reasons" support secrecy. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-81 (9th Cir. 2006); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003).

13. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties, the objecting party may move the Court for a ruling on the objections. The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objections or the matter has been otherwise resolved.

a. Prior to the filing of any motion concerning the disputed issues, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It shall be the responsibility of counsel for the moving party to arrange for this conference. If both counsel are located within the same county of the Central District, the conference shall take place in person at the office of the moving party's counsel, unless the parties agree to meet someplace else. If both counsel are not located within the same county of the Central District, the conference may take place telephonically. Unless relieved by written order of the Court upon good cause

shown, counsel for the opposing party shall confer with counsel for the moving party within ten (10) days after the moving party serves a letter requesting such conference.  The moving party's letter shall identify each issue in dispute, shall state briefly with respect to each such issue the moving party's position (and provide legal authority which the moving party believes is dispositive of the dispute as to that issue), and specify the terms of the discovery order to be sought (see Local Rule 37-1).

b.      If counsel are unable to settle their differences, they shall formulate a written stipulation.  The stipulation shall be filed and served with the notice of motion (see Local Rule 37-2).

c.      The stipulation must be set forth in one document signed by both counsel.  The stipulation shall contain all issues in dispute and, with respect to each such issue, the contentions and points and authorities of each party.  The stipulation shall not refer the Court to any other documents.

d.      Following the conference of counsel, counsel for the moving party shall personally deliver, e-mail or fax to counsel for the opposing party the moving party's portion of the stipulation, together with all declarations and exhibits to be offered in support of the moving party's position.  Unless the parties agree otherwise, within seven (7) days of receipt of the moving party's material, counsel for the opposing party shall personally deliver, e-mail or fax to counsel for the moving party the opposing party's portion of the stipulation, together with all declarations and exhibits to be offered in support of the opposing party's position. After the opposing party's material is added to the stipulation by the moving party's counsel, the stipulation shall be provided to opposing counsel, who shall sign it (electronically or otherwise) and return it to counsel for the moving party no later than the end of the next business day, so that it can be filed with the notice of motion.

///

e.      After the Joint Stipulation is filed, each party may file a supplemental memorandum of law not later than fourteen (14) days prior to the hearing date.

14.    All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15.    No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16.  The inadvertent failure to designate Confidential Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" prior to disclosure or production shall not operate as a waiver of the disclosing or producing party's right to designate such Confidential Information. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the

receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY."

17.    For information produced in some form other than documentary and for any other tangible items, the producing party may apply the appropriate designation to such information by affixing in a prominent place on the item and/or item's container, a label bearing the appropriate designation, or may provide the appropriate designation in a separate writing concurrent with its production.

18.    Nothing within this Order shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected from disclosure by the attorney-client privilege or attorney work product privilege.

19.    Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as "HIGHLY CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," provided that the contents of the information must not be disclosed.

20.    This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21.    Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.  Furthermore, nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

22.    Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all

Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Whether the Confidential Information is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) affirming such return and/or destruction. Notwithstanding the foregoing, counsel for each party may retain all depositions (including exhibits and deposition evaluations), expert reports (including exhibits), trial exhibits, pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

23.   The protections conferred by this Order cover not only Confidential Information, but also (a) any information copied or extracted from Confidential Information; (b) all copies, excerpts, summaries, or compilations of Confidential Information; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Information, except to the extent any of the foregoing is offered as evidence at any court hearing or court proceeding.

24.   The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's knowledge by legitimate means independently of the production by the

designating party. Prior knowledge must be established by pre-production documentation.

25.    The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains possession of that information by legitimate means.

26.    Any materials produced by a non-party voluntarily or pursuant to a subpoena or a court order in this matter must be designated, and will be considered, "HIGHLY CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," pursuant to the terms of this Protective Order. Such materials shall be treated by recipients in accordance with the terms of this Protective Order, and, with respect to such materials, the terms "party" and "parties" as used in this Protective Order shall be construed to include the non-party producing the materials.  Within thirty (30) days of the parties' receipt of the materials produced by a non-party, any of the parties upon written notice to the other party may elect to re-designate any or all of the materials as "CONFIDENTIAL" and/or agree that the "HIGHLY CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" designation may be removed from any or all of them.

a.    Within fourteen (14) days of receipt of notice of re-designation, any other party may object to the re-designation of any or all of the materials as Confidential Information and/or the removal of the "HIGHLY CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" designation from any or all of the materials. The objecting party must notify, in writing, counsel for the re-designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties, the re-designating party may move the Court for a ruling on the objections. The materials at issue must be treated as "HIGHLY CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" until the Court has ruled on the objections or the matter has been otherwise resolved.

///

STIPULATED PROTECTIVE ORDER

b.      Prior to the filing of any motion concerning the disputed issues, counsel shall comply with the procedure set forth in paragraph 13.a.-e. above.

27.     Transmission by facsimile and/or electronic mail is acceptable for all notification purposes within this Order provided a receipt confirming delivery is generated.

28.     This Order may be modified by written agreement of the parties, subject to approval by the Court.  No modification by the parties shall have the force or effect of a Court order unless the Court approves the modification.

29.     The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

30.     The Court retains jurisdiction even after termination of this action to enforce this Protective Order. The disclosing or producing party reserves all rights to apply to Court at any time, before or after termination of this action, for an order: (i) modifying this Protective Order, (ii) seeking further protection against discovery or use of Confidential Information, or other documents or information, or (iii) seeking further production, discovery, disclosure, or use of claimed Confidential Information, or other documents or information.

**IT IS SO ORDERED.**

DATED:  January 22, 2014

_____
Honorable Robert N. Block
United States Magistrate Judge

- 16 -
STIPULATED PROTECTIVE ORDER

**EXHIBIT "A"**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BAL SEAL ENGINEERING, INC., a California corporation,<br><br>               Plaintiff,<br><br>    vs.<br><br>NELSON PRODUCTS, INC., a Colorado corporation; and DOES 1-10, inclusive,<br><br>              Defendants. | Case No. SACV13-01880 JLS (RNBx)<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____, declare and say:

1.    I am employed as _____

_____.

2.    I have read the Protective Order entered in <u>Bal Seal Engineering, Inc.</u> <u>v. Nelson Products, Inc., et al.</u>, Case No. SACV13-01880 JLS (RNBx), and have received a copy of the Protective Order.

3.    I promise that I will use any and all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4.    I promise that I will not disclose or discuss such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" information with anyone other than the persons described in paragraphs 3, 8 and 9 of the Protective Order.

5.     I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

6.     I understand that any disclosure or use of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" information in any manner contrary to the provisions of the Protective Order may constitute contempt of court and subject me to sanctions therefor.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.   Executed this ____ day of _____, 20__, at _____.

_____

STIPULATED PROTECTIVE ORDER