Case No. 8:13-cv-01880-JLS-KES            Date: October 28, 2019
Title: Bal Seal Engineering, Inc v. Nelson Products, Inc et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero/Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

       Not Present                                      Not Present

**PROCEEDINGS:**    **(IN CHAMBERS) ORDER AWARDING PLAINTIFF ATTORNEYS' FEES**

      On February 4, 2019, the Court issued an Order granting in part and denying in part Plaintiff Bal Seal's Motion for Sanctions. (February 4 Order, Doc. 475.) In that Order, the Court found evidentiary sanctions appropriate due to NPI's "repeated failures to fully satisfy its document product and disclosure obligations" and granted Bal Seal's request for monetary sanctions equal to the attorneys' fees it expended to bring its Motion for Sanctions. (*Id.* at 7-8.) On April 23, 2019, the Court issued an Order denying NPI's Motion for Reconsideration of the February 4 Order and awarding Bal Seal additional attorneys' fees for the amount further expended to oppose NPI's Motion for Reconsideration. (April 23 Order at 4-5, Doc. 495.) The Court directed Bal Seal to provide itemized billing records for these fees in accordance with the Court's Procedure Page. (*Id.*) Bal Seal timely submitted a declaration detailing the fees sought as well as the required itemized billing records. (Fuller Decl., Doc. 499; Fuller Decl. Ex. 2, Doc. 499-2.) Defendant timely filed an objection to the reasonableness of Defendant's claimed fees. (Objection, Doc. 500.)

      Bal Seal claims that it is entitled that the following fees under the Court's prior Orders: (1) $49,745.00 related to bringing its sanctions motion, and (2) $43,532.50 related to opposing NPI's reconsideration motion. (Fuller Decl. ¶¶ 14, 23.) In preparing the billing records submitted to the Court, Attorney Fuller has attested that he was careful to avoid including any time entries not related to the motions at issue and did not "double

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:13-cv-01880-JLS-KES            Date: October 28, 2019
Title: Bal Seal Engineering, Inc v. Nelson Products, Inc et al
_____

count" any sums previously paid by NPI under any prior sanctions award. (*Id*. ¶¶ 18-19.) In its objection, NPI contends that the Court must reduce the fees requested by Bal Seal for three independent reasons: (1) Bal Seal has engaged in "block billing" and therefore inadequately described what work falls under certain time entries; (2) Bal Seal has included duplicative and excessive time entries; and, (3) Bal Seal has improperly included administrative work. (Objection at 4-7.)

In both its Objection as well as the attached spreadsheet wherein NPI has listed itemized objections for specific line-items, NPI cites to *Welch v. Metropolitan Life Insurance Co*., 480 F.3d 942, 948 (9th Cir. 2007), in arguing that Bal Seal has block billed. (Objection at 4; *see, e.g.*, Itemized Objections at 2-5, Doc. 500-2.) However, in *Welch*, the Ninth Circuit stated that block billing occurs when multiple tasks are "lumped together," making it impossible to evaluate their reasonableness. 480 F.3d at 948. The vast majority of itemized billing entries that NPI has objected to as block billing are line items describing multiple hours spent drafting a specific brief. (*See* Itemized Objections.) An entry does not qualify as block billing simply because it is for multiple hours of work. NPI has identified only a few entries that could arguably be said to "lump together" tasks, such as an entry which states "Continue researching and outlining Bal Seal Engineering, Inc.'s Opposition to Defendants' Motion for Reconsideration." (*See, e.g., id*. at 16.) It would be a stretch to characterize even this type of entry as block billing.

NPI also contends that Bal Seal has included billing entries that are for "excessive time and duplicative time." (Objection at 4-6 (citing *Tahara v. Matson Terminals*, 511 F.3d 950, 955 (9th Cir. 2007)).) In *Tahara*, the Ninth Circuit affirmed the district court's exclusion from its fee calculation hours that the attorney billed for tasks such as "memorializing phone conversations with opposing counsel." 511 F.3d at 955. There, the Ninth Circuit also stated that it "grants considerable deference to a district court's determination as to what hours are excessive, redundant, or otherwise unnecessary." *Id*. (internal quotations omitted). NPI has identified as excessive and duplicative, every billing entry that involves a meeting between two individuals working on Bal Seal's briefing. (*See* Itemized Objections.) NPI has not clearly explained why such entries are duplicative or excessive and the Court exercises its discretion in determining that they are not.

NPI further asserts that certain billing entries are non-compensable because they are for "administrative time." (Objection at 7.) Specifically, NPI points to entries for time spent working on the reconsideration motion by paralegal Ashley Walters as well as entries related to redactions and applications to file under seal. (*Id*.) NPI cites to *Yeager v. Bowlin*, for the proposition that clerical or secretarial tasks performed by paralegals and other employees of a law firm are not compensable. (*Id*. (citing No. 2:08:102-WBS-FJM, 2010 WL 2303273, at *8 (E.D. Cal. June 7, 2010)).) However, the court in that case classified as clerical and secretarial, tasks including copying, Bates labeling, and document scanning. *Yeager*, 2010 WL 2303273, at *8. In contrast, the tasks NPI points to are more substantive than administrative. (*See* Itemized Objections.) Moreover, the Supreme Court explained in *Hensley v. Eckerhart*, that "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." 461 U.S. 424, 434 (1983). As these items are such that would be properly billed to Bal Seal by its counsel, the Court will not exclude them from the attorneys' fees calculation.

However, the Court does agree with NPI that the two entries, totaling $2,100 for "Final preparation for and participation at Pretrial Conference" do not appear related to the sanctions or reconsiderations motions, as such are excluded from the attorneys' fees calculation. (Objection at 6 (referring to Fuller Decl. Ex. 2 at 4).) This leaves $91,077.50 in eligible claimed fees. Having reviewed Bal Seal's evidence, the Court finds this amount to be reasonable. The claimed rates are reasonable in light of Bal Seal's counsel's qualifications, actual billing rates, and the Court's own experience and knowledge of prevailing billing rates in this district. The claimed hours are reasonable considering the scope of the motions at issue and the extent of briefing, hearings, and other requisite efforts.[1] As previously explained, the Court does not find duplication of attorney efforts or other inefficiencies beyond those already written off by Bal Seal's counsel. Importantly, the Court also finds that an award of $91,077.50 sufficiently—but

---

[1] As a cross-check on reasonableness, the Court notes that NPI asserted that its own request for $80,000 in attorneys' fees and costs was reasonable for filing an opposition to Bal Seal's motion for terminating sanctions. (Van Loben Sels Decl., Doc. 449-1 at 15, ¶ 37.)

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:13-cv-01880-JLS-KES                                      Date: October 28, 2019
Title: Bal Seal Engineering, Inc v. Nelson Products, Inc et al
_____

not excessively—serves the purpose of discovery sanctions to remedy "the adverse effects of [NPI's] discovery violations." *Taylor v. Illinois*, 484 U.S. 400, 425 (1988).

Although the Court notes NPI's request to defer payment under this Order until after the trial on the merits, there no just reason for such a delay. NPI argues that its client should not have to divert resources that would otherwise be spent on trial to pay Bal Seal's attorneys' fees. This argument is undercut by the fact that (1) NPI has increased Bal Seal's costs to litigate due to NPI's failure and refusal to comply with its discovery obligations, and (2) NPI presumably paid its own attorneys to file a meritless motion for reconsideration (which in turn caused Bal Seal to incur additional fees to respond). In short, NPI appears to have sufficient funds to aggressively litigate this case.

Accordingly, NPI is ORDERED to remit to Bal Seal $91,077.50, within **thirty (30) days** from the date of this Order.

Initials of Preparer:  tg/rrp

**CC:  FISCAL**